IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Isaac Clark, *d/b/a Clark Towing*, | ) |
| | ) Case No. 3:17-cv-01155-DCC |
| Plaintiff, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| New York Marine and General Insurance | ) |
| Company, | ) |
| Defendants. | ) |
| | ) |

This matter is before the Court on Plaintiff's Motion to Remand to State Court. ECF No. 17. Plaintiff states that Defendant consents to the Motion and Defendant has failed to respond. Plaintiff originally filed this action in the Sumter County Court of Common Pleas. ECF No. 1. Defendants timely removed the action to this Court on May 3, 2017. *Id.* The Motion is ripe for review.

## APPLICABLE LAW AND ANALYSIS

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447(c) and (d). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed on the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). "Because removal jurisdiction raises significant federalism concerns," courts "must strictly construe removal jurisdiction." *Id.* at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Thus, remand is necessary if federal jurisdiction is doubtful. *Id.* (citing *In re Business Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990)).

Defendant filed the Notice of Removal alleging jurisdiction pursuant to the diveristy statute. ECF No. 1. A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Cent. W. Va. Energy Co.*, 636 F.3d at 103.

Here, Plaintiff states that the amount in controversy is less than the statutory requirement. ECF No. 17 at 2. Defendant does not oppose this contention. The Amended Complaint filed in the Sumter County Court of Common Pleas does not state an amount in controversy and the Notice of Removal argues that the amount in controversy is more than $75,000 without any accompanying documentation. ECF Nos. 1 at 2; 1-1 at 1–3. It appears that the parties now agree that the amount in controversy is less than the statutory amount and there is no evidence to the contrary. Therefore, this Court has no jurisdiction due to the diversity of the parties; thus, this Court lacks subject matter jurisdiction over this action and remand is appropriate.[1]

---

[1] The Court declines to address Plaintiff's argument that there is no diversity of citizenship of the parties. *See* ECF No. 17 at 3. The diversity statute requires complete diversity of parties <u>and</u> an amount in controversy in excess of $75,000. Because the amount is controversy is less than the statutory requirement, it is unnecessary to reach whether there is complete diversity of parties.

## **CONCLUSION**

Wherefore, based upon the foregoing, Plaintiff's Motion to Remand to State Court is GRANTED, this case is REMANDED to the South Carolina Court of Common Pleas for the Third Judicial Circuit in Sumter County.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

February 15, 2018
Spartanburg, South Carolina